NOT FOR PUBLICATION                                      [Docket No. 16]

```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY
                      CAMDEN VICINAGE
```

```
GEORGE SMITH,

            Plaintiff,
                                    Civil No. 08-2806 (RMB)
      v.

UNITED STATES OF AMERICA,                    OPINION

            Defendant.
```

APPEARANCES:

George Smith
#57809
FCI-Otisville
P.O. Box 1000
Otisville, NY 10963
      Plaintiff <u>Pro Se</u>

Irene E. Dowdy
Office of the U.S. Attorney
401 Market Street, Fourth Floor
P.O. Box 2098
Camden, NJ 08101
      Attorney for Defendant

**BUMB**, United States District Judge:

**I.  Introduction**

Presently before the Court is a motion by Defendant, United States of America, for dismissal of a suit brought by Plaintiff, George Smith, pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346. As set forth below, because the conduct

1

Plaintiff complains of invokes the discretionary function exception of the FTCA, the Court will grant the United States' motion and dismiss Plaintiff's complaint without prejudice.

**II. Background**

Plaintiff alleges that on April 24, 2007, while confined at the Federal Correctional Institution ("FCI") in Fairton, New Jersey, he was assaulted by another inmate and that Fairton Corrections Officers were negligent in failing to stop the assault. (Compl. ¶¶ 1-3). The assault occurred on the top tier of his housing unit as Plaintiff returned to his cell after the afternoon recreation period. (Id. ¶ 1). The assault continued for several minutes, during which Plaintiff's calls for help were unanswered by correctional staff. (Id. ¶ 3). Plaintiff later found correctional staff outside and reported his injuries, which Plaintiff alleges were a fractured left elbow and a chipped tooth. (Id. ¶ 2).

Plaintiff also alleges that on April 26, 2007 he was placed in the same recreation cage as the inmate who assaulted him. (Id. ¶ 3). After correctional officers realized the mistake, the inmate was removed. (Id.). Plaintiff does not claim he suffered any injury as a result of this occurrence.

FCI Fairton houses medium security level inmates in four housing units, each with two wings. (Schultz Decl. ¶ 2). The

units have cells on two floors with the second floor open to the first floor for visibility.  (Id. ¶ 4).  At least one correctional officer is assigned to each wing for day and evening shifts.[1]  (Id. ¶ 3).  Additional officers are assigned depending on a number of factors, including "the safety of the inmates, the ability of inmates to move about the facility, general concerns for prison security, and the effective use of limited resources." (Id. ¶ 6).  Each officer is responsible for monitoring both the interior and exterior of his assigned wing.  (Id. ¶ 4).  At their discretion, "the [o]fficers are told to make frequent but irregular checks of all inmates assigned to the housing units." (Id.).

**III. Procedural History**

After unsuccessfully pursuing an administrative claim, Plaintiff filed a pro se complaint with this Court on June 6, 2008 seeking $10 million in compensatory damages.  On December 3, 2008, pursuant to 29 U.S.C. § 1915, this court granted Plaintiff leave to proceed in forma pauperis.  On April 8, 2009, the United States filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), claiming that Plaintiff challenges

---

[1] The Federal Bureau of Prisons ("BOP") enacted guidelines in 2005 requiring a minimum of one officer to be assigned to each wing of the housing units during the day and night shifts at FCI Fairton.  (Schultz Decl. No. 7.)

conduct subject to the discretionary function exception of the FTCA and, therefore, this Court lacks subject matter jurisdiction over his claim.  Though Plaintiff has had ample time to respond, he has failed to file any opposition to Defendant's motion.[2]

**IV. Standard of Review**

"At issue in a Rule 12(b)(1) motion is the court's 'very power to hear the case.'"  Petruska v. Gannon Univ., 462 F.3d 294, 302 (3d Cir. 2006) (quoting Mortenson v. First. Fed. Sav. & Loan Assoc., 549 F.2d 884, 891 (3d Cir. 1977)).  In a motion to dismiss filed under Fed R. Civ. P. 12(b)(1), the Plaintiff "bears the burden of demonstrating subject matter jurisdiction." Lightfoot v. United States, 564 F.3d 625, 627 (3d Cir. 2009).  Unlike a 12(b)(6) motion, in a 12(b)(1) motion to dismiss, "'no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.'"  Robinson v. Dalton, 107 F.3d 1018, 1021 (3d Cir. 1997) (quoting Mortensen, 549 F.2d at 891).  The Court is not confined to allegations made in Plaintiff's complaint, and instead may "consider affidavits, depositions, and testimony to resolve factual issues bearing on jurisdiction."  Gotha v. U.S.,

---

[2] Plaintiff was required to file a response to the United States' motion by April 20, 2009.

115 F.3d 176, 179 (3d Cir. 1997).

**V.   Analysis**

"The Federal Tort Claims Act is a limited waiver of sovereign immunity, making the Federal Government liable to the same extent as a private party" for personal injury caused by the negligence of government employees.  United States v. Orleans, 425 U.S. 807, 813 (1976); see also, 28 U.S.C. § 1346(b).  The FTCA extends to situations where an inmate in a federal prison suffers injuries resulting from the negligence of a governmental employee.  United States v. Muniz, 374 U.S. 150, 150 (1963).

The Government's consent to be sued under the FTCA is limited, however, by the "discretionary function exception." Under this exception, liability does not attach to negligent conduct "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty . . . whether or not the discretion involved be abused."  28 U.S.C. § 2680.

The Supreme Court has set forth a two-part test for determining if contested conduct falls within the discretionary function exception.  "First, a court must determine whether the act involves an 'element of judgment or choice.'"  Mitchell v. United States, 225 F.3d 361, 364 (3d Cir. 2000) (quoting U.S. v. Gaubert, 499 U.S. 315, 322 (1991)).  An act will involve judgment

or choice if there is no "'federal statute, regulation, or policy specifically prescrib[ing] a course of action for an employee to follow.'" Cestonaro v. U.S., 211 F.3d 749, 753 (3d Cir. 2000) (quoting Berkovitz v. U.S., 486 U.S. 531, 536 (1988)).  Second, if the conduct does involve judgment or choice, the Court must determine "'whether that judgment is of the kind that the discretionary function exception was designed to shield.'" Mitchell, 225 F.3d at 363 (quoting Gaubert, 499 U.S. at 322-23). The actions taken must be "susceptible to policy analysis," Cestonaro, 211 F.3d at 753 (quoting Gaubert, 499 U.S. at 325), or "based on the purposes that the regulatory regime seeks to accomplish," id. (quoting Gaubert, 499 U.S. at 325 n.7).

In this case, the conduct Plaintiff complains of involves an element of judgment or choice.  Plaintiff complains that there were no officers present to prevent or stop his assault.  The placement of officers within a federal prison is governed by 18 U.S.C. § 4042.  See Donaldson v. United States, 281 Fed. Appx. 75, 77 (3d Cir. 2008); Macias v. U.S., 2006 U.S. Dist. LEXIS 92771 at *7 (D.N.J. Dec. 22, 2006).  Section 4042 requires the BOP to "provide for the safekeeping . . .[and] protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States."  18 U.S.C. § 4042(a)(1) - (3).  The Third Circuit has held on a number of occasions that Section 4042 leaves the "implementation of the

[prescribed] duties to the discretion of BOP officials."
Donaldson, 281 Fed. Appx. at 77; see also, Calderon v. United States, 123 F.3d 947, 950 (7th Cir. 1997) ("The statute sets forth no particular conduct the BOP personnel should engage in or avoid while attempting to fulfill their duty to protect inmates."). Indeed, no federal statute, regulation, or policy required FCI Fairton staff to take a particular course of action to ensure Plaintiff's safety from attacks by other inmates. As Warden Schultz indicates, the placement of officers throughout the prison was a matter of his own judgment. (Schultz Decl. No. 6).

Secondly, the judgment involved in Plaintiff's case involves sufficient policy considerations. Warden Schultz lists the factors involved in the placement of officers as including, "the safety of inmates, the ability of inmates to move about the facility, general concerns for prison security, and the effective use of limited resources." (Schultz Decl. No. 6). Such factors are influenced by policy considerations and, thus, fall within the discretionary function exception. See, e.g., Castillo v. United States, 166 Fed. Appx. 587, 589 (3d Cir. 2006) (finding that "the safety of inmates and orderly operation of the prison" are "policy considerations"); Donaldson, 281 Fed. Appx. at 78 (holding that procedures for protecting inmates from each other are the kinds of judgments the discretionary function exception

7

was meant to protect).

Therefore, the Court agrees with the United States that it lacks subject matter jurisdiction over Plaintiff's claim because the conduct at issue falls within the discretionary function exception. Moreover, Plaintiff has failed to carry his burden in demonstrating that this Court otherwise has proper subject matter jurisdiction over his claim.

## VI. Conclusion

The Court will grant the United States's motion and dismiss Plaintiff's complaint for lack of subject matter jurisdiction. However, the Court recognizes that the complaints of pro se parties must be liberally construed. See United States v. Day, 969 F.2d 39, 43 (3d Cir. 1992) ("We must construe the allegations in [plaintiff's] pro se petition liberally, and we may not subject his petition to the standards that we would apply to pleadings drafted by lawyers."); see also Haines v. Kerner, 404 U.S. 519, 520 (1972). From the present complaint, it is unclear whether Plaintiff intended to assert a claim that the prison failed to protect him from a specific threat to his safety by another inmate, which the prison knew or should have known about. Plaintiff's allegations that the prison staff negligently placed him in the same recreation cage as his prior attacker cannot provide the basis for such a claim, as Plaintiff incurred no

resulting injury.[3]  To the extent that Plaintiff wishes to assert that the prison was negligent in addressing a specific threat against him, he should amend his Complaint accordingly.  As leave to amend a complaint should be freely given when justice so requires, Fed. R. Civ. P. 15(a), Plaintiff shall have thirty (30) days to amend his Complaint.  See <u>Frasier v. General Elec. Co.</u>, 930 F.2d 1004, 1008 (2d Cir. 1991) (stating that courts are to accord pro se plaintiffs greater flexibility in amending their complaints).  Thus, Plaintiff's Complaint is dismissed without prejudice.  Upon the filing of an amended Complaint, the Court will reopen the case for screening.


Dated:  July 7, 2009              s/Renée Marie Bumb
                                  RENÉE MARIE BUMB
                                  UNITED STATES DISTRICT JUDGE

---

[3] Liability for injury under the FTCA accords with applicable state law.  <u>United States v. Muniz</u>, 374 U.S. 150, 153 (1963).  Thus, in order to establish a legitimate negligence claim, Plaintiff must demonstrate duty, breach, causation <u>and</u> injury.  <u>Endre v. Arnold</u>, 692 A.2d 97, 100 (N.J. App. Div. 1997).